IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

OFFIE L. HOBBS, Ph.D.,

    Plaintiff,

v.                                                                                                            CV 13-0282 JB/WPL

LAS CRUCES PUBLIC SCHOOLS
BOARD OF EDUCATION, et al.,

    Defendants.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

Offie L. Hobbs, convinced that the Las Cruces Public Schools Board of Education ("School District") and its employees have discriminated and retaliated against him in a multitude of ways, has now filed six pro se complaints in four different actions against some combination of these Defendants. After his four earlier complaints were each dismissed for failing to state a claim, failing to establish subject matter jurisdiction, or failing to follow other procedural mandates, Hobbs initiated this action with his fifth pleading, a two-paragraph documents alleging wrongdoing in the vaguest of terms. (*See* Doc. 1.) When Defendants moved to dismiss Hobbs and enjoin him from filing further actions without leave of the Court (Doc. 7), Hobbs responded by filing an amended complaint, his sixth and most recent pleading (Doc. 8).

Defendants, clearly frustrated, have incorporated and adopted their earlier motion to dismiss and enjoin as their response to Hobbs's newest pleading. (Doc. 10.) They also request that the Court consolidate this latest action with an earlier lawsuit (Doc. 6), and they seek monetary sanctions against Hobbs pursuant to Federal Rule of Civil Procedure 11 (Doc. 11).

Other than filing the most recent amended complaint (Doc. 8), Hobbs has not responded to any of these motions.

Pursuant to 28 U.S.C. § 636(b), this matter has been referred to me to make findings of fact, conduct legal analysis, and recommend a final disposition. (Doc. 9.) Having considered the record before me, the parties' submissions, and the relevant law, and otherwise being fully advised in the matter, I recommend that the Court grant Defendants' motion to dismiss the action and impose filing restrictions on Hobbs (Doc. 7; Doc. 10) and deny the remaining motions (Doc. 6; Doc. 11).

## FACTUAL BACKGROUND

As noted, Hobbs has previously initiated several actions that are relevant to his instant claims. (*Compare* Doc. 8 (amended complaint), *with Hobbs v. Las Cruces Pub. Sch. et al.*, No. 11-CV-00627 JAP/CG ("First Lawsuit"), Doc. 1 Ex. A (D.N.M. July 14, 2011) (complaint from first lawsuit), *Hobbs v. Las Cruces Pub. Sch.*, No. 12-CV-00967 JCH/WPL ("Second Lawsuit"), Doc. 1 Ex. A (D.N.M. Sept. 14, 2012) (original complaint from second lawsuit), *and Hobbs v. Las Cruces Pub. Sch. et al.*, No. 13-CV-00026 JCH/WPL ("Third Lawsuit"), Doc. 1 (D.N.M. Jan. 10, 2013) ("complaint").) Accordingly, I take judicial notice of the filings in those actions and will refer to them in developing the factual background of this lawsuit.

Hobbs, an African American man, was an employee with the School District and suffers from peripheral neuropathy, a condition that limits his mobility. (Doc. 8 at 2, 5, 7.) Hobbs informed his employer of his medical condition, and he requested that the School District make a reasonable accommodation for his restriction. (*Id*. at 2.) At the time, there was a vacant principal position at Centennial High School, and Hobbs alleges that he was qualified for this position and

that it would accommodate his medical needs. Second Lawsuit, Doc. 1 Ex. A at 2. He informed the School District that he wished to apply for the position. *Id*.

The School District's superintendent and the Director of Human Resources instructed Hobbs to see the School District's physician for his medical condition, and the physician confirmed the diagnosis of peripheral neuropathy. (*Id*. at 3; *see also* Doc. 8 at 5.) In April 2011, Hobbs applied for the principal position and was granted an interview; ultimately, he was not selected for the position. Second Lawsuit, Doc. 1 Ex. A at 3. Instead, the School District assigned Hobbs to a position as high school assistant band director, which he alleges required him to be on his feet ten to fourteen hours a day. (Doc. 8 at 7.) Shortly thereafter, the School District chose not to renew his contract for the 2011-2012 school year. Second Lawsuit, Doc. 1 Ex. A at 3.

## PROCEDURAL HISTORY

### I.    First Lawsuit

On May 5, 2010, Hobbs filed a Charge of Discrimination against the School District with the New Mexico Human Rights Bureau, alleging discrimination on the basis of age, sex, and race. *See* First Lawsuit, Doc. 11 at 2 (D.N.M. Oct. 27, 2011). Hobbs later amended the Charge of Discrimination to include claims of discrimination on the basis of disability and retaliation. *Id.* Though the matters are related, the factual predicate for these claims appears to be distinct from the facts underlying the later actions filed by Hobbs. *Compare* First Lawsuit, Doc. 1-6 at 25-27 (Determination of No Probable Cause in the First Lawsuit), *with* Second Lawsuit, Doc. 10 Ex. 1 at 1-3 (D.N.M. Oct. 19, 2012) (Determination of No Probable Cause in the Second Lawsuit). After the New Mexico Human Rights Bureau ("NMHRB") issued a Determination of No

Probable Cause on Hobbs's claims, Hobbs filed a pro se complaint in state court against the School District and Rounds, the School District's superintendent. *See* First Lawsuit, Doc. 11 at 3.

After those defendants removed the case to the District of New Mexico, they filed a motion to dismiss, arguing that Hobbs's complaint did not meet the requirements of Rules 8(a) and 10(b) and fell short of stating a plausible claim to relief under Rule 12(b)(6). First Lawsuit, Doc. 5 (D.N.M. July 21, 2011). The Honorable James A. Parker granted the defendants' motion on those grounds with prejudice. First Lawsuit, Doc. 11 at 7.

## II.     Second Lawsuit

In May 2011, immediately after he was denied the principal position, Hobbs filed another discrimination complaint against the School District with the NMHRB. Second Lawsuit, Doc. 10 Ex. 1. Hobbs alleged, *inter alia*, discrimination on the basis of disability in violation of the Americans with Disabilities Act ("ADA") and the New Mexico Human Rights Act ("NMHRA"). *Id*. On March 29, 2012, the NMHRB issued a Determination of No Probable Cause and dismissed his complaint with prejudice. *Id*. The letter informing Hobbs of the determination outlined Hobbs's administrative and appellate remedies. *Id*. at 3-4. The letter also advised Hobbs that he had fifteen days to request a substantial-weight review of his federal claims by the Equal Employment Opportunity Commission ("EEOC"). *Id*. at 4.

On August 24, 2012, Hobbs filed a pro se complaint in state court bringing retaliation and discrimination claims, including a claim of discrimination on the basis of disability under the NMHRA and the ADA. Second Lawsuit, Doc. 1 Ex. A. The School District removed the case to federal court, Second Lawsuit, Doc. 1, and moved to dismiss his complaint, Second Lawsuit, Doc. 9. Hobbs never filed a reply to the motion. Second Lawsuit, Doc. 18 at 3 (D.N.M. Dec. 11, 2012).

Having considered the School District's motion in that lawsuit, I concluded that Hobbs had failed to appropriately exhaust his administrative remedies under the relevant statutes, and I recommended that the Honorable Judith C. Herrera dismiss the action for lack of subject matter jurisdiction. *Id.* at 6. In the same document, I advised Hobbs that he had fourteen days from the service of my recommendations to file objections with Judge Herrera pursuant to 28 U.S.C. § 636(b)(1). *Id.* Hobbs did not file any objections, and Judge Herrera adopted my recommendations, dismissed the lawsuit and entered judgment in the School District's favor. Second Lawsuit, Doc. 19 (D.N.M. Jan. 4, 2013).

### III. Third Lawsuit and Consolidation

However, six days after the dismissal of the Second Lawsuit, Hobbs filed a new "complaint" in the District of New Mexico, adding Defendants Rounds, Nesbitt, and Phelps. Third Lawsuit, Doc. 1 at 1. The matter came to the attention of Judge Herrera, who concluded that "the two 'cases' deal[t] with the same parties, the same subject matter, and the same causes of action." Second Lawsuit, Doc. 21 at 2 (D.N.M. Jan. 16, 2013). She also concluded that the new "complaint," which would have to be dismissed for failure to state a proper claim if construed as a pleading, could instead be construed as a notice of appeal or a motion to alter or amend the judgment in the Second Lawsuit. *Id.* at 2-3. She therefore ordered that the Second and Third Lawsuits be consolidated and that Hobbs show cause by January 28, 2013, as to why she should not construe the new "complaint" in such a way. *Id.* at 3.

Once again, Hobbs did not file any relevant documents by the specified deadline. Instead, on February 6, 2013, he filed an "amended complaint" that repeated verbatim the wording of his previous "complaint" in that action. Second Lawsuit, Doc. 22 (D.N.M. Feb. 6, 2013); Third Lawsuit, Doc. 6 (D.N.M. Feb. 6, 2013). Concluding that Hobbs did not want to request

5

reconsideration or file an appeal, and observing that the time for appeal had already passed at any rate, Judge Herrera construed Hobbs's most recent pleadings as complaints and dismissed them for failure to invoke federal subject matter jurisdiction. *See* Second Lawsuit, Doc. 23 (D.N.M. Feb. 13, 2013); Third Lawsuit, Doc. 7 (D.N.M. Feb. 13, 2013). Final judgment with respect to the Third Lawsuit was entered on the same date. *See* Second Lawsuit, Doc. 24 (D.N.M. Feb. 13, 2013); Third Lawsuit, Doc. 8 (D.N.M. Feb. 13, 2013).

### IV.     Current Lawsuit

On March 22, 2013, Hobbs filed the complaint in this action, referring to the same parties and the same subject matter as in the two preceding cases. (*See* Doc. 1.) Defendants thereafter filed the instant motions to consolidate and to dismiss, arguing that this action involves common questions of law and fact as the Second Lawsuit (Doc. 6) and that the Court still does not have subject matter jurisdiction (Doc. 7).

Although Hobbs never responded directly to those motions, he did file an amended complaint with allegations that did not appear in his first pleading in this action. (Doc. 8.) Defendants thereafter incorporated their first motion to dismiss as their responsive pleading to Hobbs's amended complaint. (Doc. 10.) Defendants also now move for the imposition of monetary sanctions on Hobbs under Rule 11. (Doc. 11.) Hobbs has not responded to either filing.

### DISCUSSION

If a plaintiff fails to establish that subject matter jurisdiction exists over his claims, a court cannot reach any other issues before it. *United States ex rel. Grynberg v. Praxair, Inc.*, 389 F.3d 1038, 1942 (10th Cir. 2004). Accordingly, "[s]ubject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further." *Illinois v. City of Chicago*, 137 F.3d 474, 478 (7th Cir. 1998). Having considered that question

first and concluded that subject matter jurisdiction does not exist over Hobbs's claims, I recommend that the Court dismiss this action. From there, I recommend that the Court impose filing restrictions on Hobbs but deny Defendants' remaining motions.

### I. Subject Matter Jurisdiction

Federal courts have limited jurisdiction, and there is a presumption against jurisdiction. *Butler v. Kempthorne*, 532 F.3d 1108, 1110 (10th Cir. 2008) (citations omitted). The party invoking federal jurisdiction bears the burden of establishing its existence. *Id.*; *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 104 (1998).

Rule 12(b)(1) authorizes a court to dismiss an action for a lack of jurisdiction over the subject matter. FED. R. CIV. P. 12(b)(1). Motions under this provision generally take one of two forms: (1) a facial attack on the complaint's allegations as to the existence of subject matter jurisdiction, or (2) a factual attack that presents evidence to challenge the basis upon which subject matter jurisdiction rests. *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074 (10th Cir. 2004). When the motion is based on a factual attack, the court may consider matters outside the pleadings without converting the motion to one for summary judgment. *Cizek v. United States*, 953 F.2d 1232, 1233 (10th Cir. 1992).

Hobbs is proceeding pro se, and as such I construe his pleadings liberally. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). Hobbs's amended complaint alleges that he requested an accommodation for his medical condition pursuant to the ADA and that Defendants denied that request in violation of federal law. (Doc. 8 at 2, 4-5.) Construing the allegations liberally for purposes of this motion, I conclude that Hobbs has attempted to bring a claim for discrimination

under Title I of the ADA.[1] *See* 42 U.S.C. § 12112(b)(5) (2006) (defining discrimination to include a failure to make a reasonable accommodation to the known physical limitations of an otherwise qualified employee with a disability).

Under Title I, a plaintiff is required to exhaust administrative remedies before filing suit. *Jones v. United Parcel Serv.*, 502 F.3d 1176, 1183 (10th Cir. 2007) (citation omitted). Such exhaustion is a jurisdictional prerequisite in the Tenth Circuit. *Id.* (citations omitted). A plaintiff must timely file charges with the Equal Employment Opportunity Commission ("EEOC") and receive a right-to-sue letter from the EEOC before the plaintiff's administrative remedies are considered to be exhausted. *See West v. N.M. Taxation and Revenue Dep't*, 757 F. Supp. 2d 1065, 1088 (D.N.M. 2010) (citing 42 U.S.C. §§ 2000e-5(b), (c), (e), (f)(1); *Simms v. Okla. ex rel. Dept' of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999)). As the party asserting subject matter jurisdiction, Hobbs is responsible for demonstrating to the Court that he obtained a right-to-sue letter.

The dismissal of Hobbs's Second Lawsuit was premised on the fact that subject matter jurisdiction did not exist over his claims, as Hobbs had not demonstrated that he had received the requisite right-to-sue letter from the EEOC.[2] *See* Second Lawsuit, Doc. 18 at 5; Second Lawsuit, Doc. 19. Although the NMHRB issued a Determination of No Probable Cause, which includes findings that the EEOC may adopt, *see* Second Lawsuit, Doc. 10 Ex. 1, the EEOC must still issue a separate right-to-sue letter; the state's determination is not the same thing as the EEOC's

---

[1] This construction of Hobbs's claim should not be read as a finding that Hobbs has satisfied the requirements of Rules 8(a) and 10(b) or that Hobbs has properly stated a claim upon which relief may be granted. Those questions are not before the Court at this time.

[2] According to Defendants, Judge Herrera and I "previously determined" that Hobbs failed to exhaust his administrative remedies "by failing to file a lawsuit within the 90 days required by state and under federal law." (Doc. 7 at 4 (citing Second Lawsuit, Docs. 7 & 8).) This statement is mistaken; as I expressly noted in the recommendations that Judge Herrera adopted, there was no need to address the ninety-day issue, as Hobbs had failed to show that he had received a right-to-sue letter. *See* Second Lawsuit, Doc. 18 at 5.

right-to-sue letter. *See, e.g.*, *Eoff v. N.M. Corr. Dep't*, CIV 10-0598 JB/RHS, CIV 10-0599 JB/DJS, CIV 10-0600 JB/WDS, 2010 WL 5477679, at *4 (D.N.M. Dec. 20, 2010) (noting, in the context of a Title VII claim, that the EEOC reviewed and adopted the findings of the New Mexico Human Rights Commission before issuing its own right-to-sue letter).

Because the dismissal of his first action was without prejudice, Hobbs could have produced the right-to-sue letter when filing suit again, thereby potentially satisfying an important element of the administrative exhaustion requirement. However, in none of Hobbs's subsequent filings has he ever produced such a letter or even allege that he had received one. (*See* Third Lawsuit, Doc. 1 (January 10, 2013 "complaint"); Second Lawsuit, Doc. 22 (February 6, 2013 "amended complaint"); Doc. 1 (first complaint in this action); Doc. 8 (amended complaint).) Nor, for that matter, has Hobbs filed a response to the motion to dismiss. *See* D.N.M.LR-Civ. 7.1(b) ("The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion.").

Accordingly, I must once again conclude that Hobbs has failed to exhaust administrative remedies under the ADA. Therefore, this Court may not hear Hobbs's remaining federal claims for want of subject matter jurisdiction, and I recommend that the Court dismiss these claims without prejudice. Consequently, I further recommend that Defendants' motion for consolidation (Doc. 6) be denied as moot.[3]

---

[3] Even if the recommendation to dismiss is not adopted, consolidation of a pending action with a case that has already been adjudicated before this Court is improper unless the Court chooses to reopen the previously closed case. *See, e.g.*, *Abels v. Skipworth*, No. C10-5033BHS, 2010 WL 2376230, at *1 (W.D. Wash. June 9, 2010) (unpublished); *St. Charles Tower v. Cnty. of Franklin*, No. 4:09CV987-DJS, 2010 WL 743594, at *7-8 (E.D. Mo. Feb. 25, 2010) (unpublished). For either reason, then, I would recommend that the Court deny Defendants' motion to consolidate under Rule 42(a).

## II.     Filing Restrictions

In light of Hobbs's history of litigation against them, Defendants request that the Court place filing restrictions on Hobbs. (Doc. 7 at 5-9.) Federal courts have the inherent power to "regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989) (per curiam) (quotation omitted). Although "[l]itigiousness alone will not support an injunction restricting filing activities," such an injunction is appropriate "where a litigant's lengthy and abusive history is set forth, the court provides guidelines as to what the litigant must do to obtain its permission to file an action, and the litigant receives notice and an opportunity to oppose the court's order before it is implemented." *Guttman v. Widman*, 188 F. App'x 691, 697 (10th Cir. 2006) (unpublished) (citing *Tripati*, 878 F.2d at 353-54). The conditions of such restrictions cannot be so burdensome as to deny the litigant meaningful access to the courts. *Cotner v. Hopkins*, 795 F.2d 900, 902 (10th Cir. 1986).

A review of the history of litigation between Hobbs and Defendants demonstrates that the first *Tripati* requirement is easily met. Judge Parker dismissed Hobbs's first action against the School District and Rounds for failure to state a plausible claim and failure to abide by Rules 8(a) and 10(b). *See* First Lawsuit, Doc. 11 at 7. Later, Judge Herrera dismissed Hobbs's second and fourth complaints for failure to properly invoke the subject matter jurisdiction of the Court, *see* Second Lawsuit, Doc. 19; Second Lawsuit, Doc. 23 at 4, and she recognized in dictum that his third complaint failed to state any claim, *see* Second Lawsuit, Doc. 21 at 2. Hobbs's fifth complaint, although superseded by his sixth complaint, plainly suffered from the same infirmities that doomed his earlier pleadings. (*See* Doc. 1 (complaint with two unnumbered paragraphs that fail to state a claim for any violations of federal law).) Finally, as noted above, the Court lacks

subject matter jurisdiction over Hobbs's latest complaint. In other words, each of Hobbs's six pleadings against some combination of Defendants has been, at the very least, procedurally improper.

Further, despite the fact that multiple jurists of this Court have explained in clear terms why his earlier pleadings were inadequate, Hobbs continues to file purported "complaints" that repeat the same procedural errors found in those earlier filings. Indeed, Hobbs has failed to respond to any defense motion or Court order with anything other than a new complaint, even when a different sort of response is clearly required. Hobbs appears to be a well-educated man, and all of the relevant orders in his lawsuits have been clear about the type of response expected in each instance. Nonetheless, there has been no indication that Hobbs understands the flaws in his filings or the problems he is causing. *Cf. Elliott v. GEICO*, No. CIV-06-0234 JB/ACT, 2007 WL 5231711, at *8 (D.N.M. Aug. 7, 2007) (unpublished). These multiple "procedural transgressions[] [and] misunderstanding[s] of legal theories . . . have tested the limits of the leeway afforded to pro se litigants." *See Guttman*, 188 F. App'x at 699. Accordingly, I conclude that the first *Tripati* factor has been met.

Likewise, Hobbs has received notice of Defendants' request for filing restrictions and has had sufficient time to respond. Defendants requested the filing restrictions in question on April 26, 2013, approximately two months ago. (Doc. 7 at 5-9.) Hobbs has not responded to the motion in any way, except, unsurprisingly, to file yet another complaint which did not at all address Defendants' request for filing restrictions. *See* D.N.M.LR-Civ. 7.1(b) (failure to timely respond to a motion constitutes consent to grant the motion). Regardless, Hobbs has had the requisite notice and opportunity to oppose Defendants' request, and he will have further opportunity to file written objections to these recommendations. *See Tripati*, 878 F.2d at 354 (observing that a

hearing is unnecessary in these circumstances and that the third *Tripati* factor may be satisfied by allowing an opportunity for written response); *see also Stewart v. Shannon*, No. CIV 12-0560 JB/KBM, 2012 WL 4950865, at *2-3 (D.N.M. Sept. 24, 2012) (proposing filing restrictions, but delaying enforcement until either written objections were received and resolved or the time for objecting had passed).

All that is left, then, is the need to fashion appropriate restrictions that will not deny meaningful court access to Hobbs. *See Guttman*, 188 F. App'x at 698-99. Defendants argue for a restriction against pro se filings against any Defendant or employee thereof without leave of the Court. (Doc. 7 at 8.) Given the record before me, this restriction seems reasonably directed to "ensure that any [future] case meets fundamental jurisdictional requirements before the Court uses its limited resources to handle such matters and before [Defendants] must defend against such an action." *See Elliott*, 2007 WL 5231711, at *9. Of course, Hobbs would not need to adhere to this requirement if he finds a licensed attorney to represent him in a future action and to sign any pleadings filed with the Court.

As such, I recommend that Defendants' request for filing restrictions (Doc. 7 at 5-9) be granted, and that the following filing restrictions be imposed. Hobbs should not be allowed to pursue further litigation against any of these Defendant in the United States District Court for the District of New Mexico, or any employee, agent, or attorney thereof, unless either (i) a licensed attorney admitted to practice before this Court signs the pleading and submits an affidavit stating that he or she has read the order imposing these restrictions, or (ii) Hobbs first obtains permission to proceed pro se. *See Elliott*, 2007 WL 5231711, at *9 (citing *Depineda v. Hemphill*, 34 F.3d 946, 948-49 (10th Cir. 1994)). To obtain permission to proceed pro se in federal court, Hobbs should be required to take the following steps:

1. File a petition with the Clerk of the Court requesting leave to file a complaint.

2. Include in the petition a list of all actions Hobbs has previously filed with this Court or any other Court and describe their status, along with a copy of the filing restrictions placed on him from this or any other Court.

3. File with the petition a notarized affidavit, in proper legal form, which recites the issues Hobbs seeks to present, including a short discussion of the legal basis asserted therefor. The affidavit must also certify, to the best of Hobbs's knowledge, that the legal arguments being raised are not frivolous or made in bad faith, that they are warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law, that the complaint is not filed for any improper purpose such as delay or to needlessly increase the cost of litigation, and that he will comply with all federal and local rules of this Court. The affidavit must be filed with the petition.

4. Submit his petition and affidavit, and a copy of the filing restrictions, to the Clerk of the Court.

If Hobbs fails to submit the required documents or they are submitted in an improper form, the case should be dismissed. If such a matter is not dismissed for failure to prosecute, or if a qualifying action is removed to this Court, the Clerk should be required to forward the documents to the Chief Magistrate Judge for review to determine whether to permit Hobbs to file a complaint. Without the Chief Magistrate Judge's approval, and the concurrence of the assigned Article III judge, the Court should dismiss the action. If the Chief Magistrate Judge approves the filing, an order should be entered indicating that Hobbs may file a complaint and that the matter shall proceed in accordance with the Federal Rules of Civil Procedure.

### III.     Rule 11 Sanctions

In addition to moving for filing restrictions, Defendants have also requested that this Court impose monetary sanctions on Hobbs pursuant to Rule 11. (Doc. 11.) Defendants argue that Hobbs's repeated pleadings fail to certify that Hobbs "conducted a reasonable inquiry into the facts and the law" before each filing, thereby constituting "frivolous or vexatious" behavior. (*See id.* at 1, 3 (citations omitted).) Defendants also correctly note that even a pro se litigant such as Hobbs must fully comply with the Federal Rules of Civil Procedure, and that failure to do so subjects the litigant to potential Rule 11 sanctions just as it would if he were represented. (*See id.* at 2-3 (citing, *e.g.*, *Gould v. Richardson*, No. CIV 08-0505 JB/DJS, 2009 WL 1300941, at *2 (D.N.M. Mar. 28, 2009) (unpublished)).)

The Court may impose an appropriate sanction on a litigant under Rule 11 if it determines, after notice and a reasonable opportunity to respond, that a litigant has violated Rule 11(b). *See* FED. R. CIV. P. 11(c)(1). However, any sanction under Rule 11 "must be limited to what suffices to deter repetition of the conduct." *See* FED. R. CIV. P. 11(c)(4). Although the Rule contemplates monetary sanctions where appropriate, "[t]he main purpose behind [R]ule 11 sanctions is misconduct deterrence[,] not defense compensation." *See Duprey v. Twelfth Judicial Dist. Court*, 760 F. Supp. 2d 1180, 1200 (D.N.M. 2009).

Here, an imposition of monetary sanctions is not necessary to deter any potential future misconduct committed by Hobbs. The conduct that Defendants point to is the repeated filing of "baseless and frivolous lawsuit[s] against the School District." (Doc. 11 at 1.) The filing restrictions recommended above require Hobbs to pursue one of two options before filing any additional action in the District of New Mexico – either he must have his pleading signed by a licensed attorney, who must himself or herself adhere to Rule 11's requirements, or he must file

14

any pro se pleadings pursuant to the process outlined above, which provides for summary dismissal if the process is not fully satisfied or if the Chief Magistrate Judge or the presiding Article III judge does not approve the filing. This process, if adopted, should suffice to prevent Hobbs from successfully filing any future pleadings that repeat the errors found in the earlier documents. Accordingly, without engaging in an extended Rule 11 analysis, I conclude that any additional penalty is unnecessary to satisfy Rule 11's deterrence goals. As such, I recommend that the Court deny Defendants' motion for monetary sanctions under Rule 11.

## CONCLUSION

For the reasons discussed above, I recommend that the Court:

1) grant Defendants' motion to dismiss (Doc. 7; Doc. 10) and dismiss Hobbs's amended complaint (Doc. 8) without prejudice;

2) deny Defendants' motion to consolidate (Doc. 6) as moot;

3) impose filing restrictions on Hobbs as outlined in this PFRD; and

4) deny Defendants' motion for monetary sanctions under Rule 11 (Doc. 11).

> **THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

                                            *William P. Lynch*
                                          William P. Lynch
                                          United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.