## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

OFFIE L. HOBBS, Ph.D.,

     Plaintiff,

vs.                                                      No. CIV 13-0282 JB/WPL

LAS CRUCES PUBLIC SCHOOLS
BOARD OF EDUCATION, RALPH
STANLEY ROUNDS, JAMES NESBITT,
and TOM PHELPS,

     Defendants.

### MEMORANDUM OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION AND IMPOSING FILING RESTRICTIONS

**THIS MATTER** comes before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition filed July 2, 2013 (Doc. 12)("PFRD"). The Honorable William P. Lynch, United States Magistrate Judge, notified the parties that objections were due within fourteen days of service of the PFRD and that, if no objections were filed, no appellate review would be allowed. To this date, no objections have been filed. The Court has nonetheless undertaken a review, and the Court finds that Judge Lunch's recommendations in the PFRD are not clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion. Accordingly, the Court will adopt the PFRD, grant the Defendants' Motion and Memorandum Brief to Dismiss and to Enjoin Plaintiff from Filing any Further Lawsuits Without Leave of Court, filed April 26, 2013, and impose upon Plaintiff Offie L. Hobbs, Ph.D., filing restrictions.

### LAW REGARDING PROPOSED FINDINGS AND RECOMMENDATIONS

District courts may refer dispositive motions to a magistrate judge for a recommended disposition. See Fed. R. Civ. P. 72(b)(1) ("A magistrate judge must promptly conduct the

required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense . . . .").  Rule 72(b)(2) governs objections: "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."   Finally, when resolving objections to a magistrate judge's proposal, "the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3).  Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C).

"The filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute." United States v. One Parcel of Real Property, With Buildings, Appurtenances, Improvements, and Contents, 73 F.3d 1057, 1059 (10th Cir. 1996)("One Parcel")(quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)).  As the United States Court of Appeals for the Tenth Circuit has noted, "the filing of objections advances the interests that underlie the Magistrate's Act, including judicial efficiency."  One Parcel, 73 F.3d at 1059 (citing Niehaus v. Kan. Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir. 1986); United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

The Tenth Circuit held "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the

district court or for appellate review." <u>One Parcel</u>, 73 F.3d at 1060.  "To further advance the policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, have adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.'" <u>One Parcel</u>, 73 F.3d at 1059 (citations omitted).  In addition to requiring specificity in objections, the Tenth Circuit has stated that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."  <u>Marshall v. Chater</u>, 75 F.3d 1421, 1426 (10th Cir. 1996).  <u>See</u> <u>United States v. Garfinkle</u>, 261 F.3d 1030, 1030-31 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").  In an unpublished opinion, the Tenth Circuit stated that "the district court correctly held that [a petitioner] had waived [an] argument by failing to raise it before the magistrate."  <u>Pevehouse v. Scibana</u>, 229 F. App'x 795, 796 (10th Cir. 2007)(unpublished).[1]

In <u>One Parcel</u>, the Tenth Circuit, in accord with other courts of appeals, expanded the waiver rule to cover objections that are timely but too general.  <u>See</u> <u>One Parcel</u>, 73 F.3d at 1060. The Supreme Court of the United States -- in the course of approving the United States Court of Appeals for the Sixth Circuit's use of the waiver rule -- noted:

> It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard,

---

[1]  <u>Pevehouse v. Scibana</u> is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it.  <u>See</u> 10th Cir. R. 32.1(A), 28 U.S.C. ("Unpublished opinions are not precedential, but may be cited for their persuasive value.").  The Tenth Circuit has stated: "In this circuit, unpublished orders are not binding precedent, . . . and . . . citation to unpublished opinions is not favored . . . . However, if an unpublished opinion . . . has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision."  <u>United States v. Austin</u>, 426 F.3d 1266, 1274 (10th Cir. 2005).  The Court finds that <u>Pevehouse v. Scibana</u> has persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

when neither party objects to those findings.  The House and Senate Reports accompanying the 1976 amendments do not expressly consider what sort of review the district court should perform when no party objects to the magistrate's report.  See S. Rep. No. 94-625, pp. 9-10 (1976) (hereafter Senate Report); H. R. Rep. No. 94-1609, p. 11 (1976), U.S. Code Cong. & Admin. News 1976, p. 6162 (hereafter House Report).  There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate.  Moreover, the Subcommittee that drafted and held hearings on the 1976 amendments had before it the guidelines of the Administrative Office of the United States Courts concerning the efficient use of magistrates.  Those guidelines recommended to the district courts that "[w]here a magistrate makes a finding or <u>ruling</u> on a motion or an issue, his determination should become that of the district court, unless specific objection is filed within a reasonable time."  See Jurisdiction of United States Magistrates, Hearings on S. 1283 before the Subcommittee on Improvements in Judicial Machinery of the Senate Committee on the Judiciary, 94th Cong., 1st Sess., 24 (1975) (emphasis added) (hereafter Senate Hearings).  The Committee also heard Judge Metzner of the Southern District of New York, the chairman of a Judicial Conference Committee on the administration of the magistrate system, testify that he personally followed that practice.  See id., at 11 ("If any objections come in, . . . I review [the record] and decide it.  If no objections come in, I merely sign the magistrate's order.").  The Judicial Conference of the United States, which supported the *de novo* standard of review eventually incorporated in § 636(b)(1)(C), opined that in most instances no party would object to the magistrate's recommendation, and the litigation would terminate with the judge's adoption of the magistrate's report.  See Senate Hearings, at 35, 37.  Congress apparently assumed, therefore, that any party who was dissatisfied for any reason with the magistrate's report would file objections, and those objections would trigger district court review.  There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed.  It did not preclude treating the failure to object as a procedural default, waiving the right to further consideration of any sort.  We thus find nothing in the statute or the legislative history that convinces us that Congress intended to forbid a rule such as the one adopted by the Sixth Circuit.

<u>Thomas v. Arn</u>, 474 U.S. at 150-52 (emphasis in original)(footnotes omitted).

The Tenth Circuit also noted, "however, that '[t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate.'"  <u>One Parcel</u>, 73 F.3d at 1060 (quoting

<u>Moore v. United States</u>, 950 F.2d 656, 659 (10th Cir. 1991)("We join those circuits that have

declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate's

order does not apprise the pro se litigant of the consequences of a failure to object to findings and

recommendations." (citations omitted)).  Cf. Thomas v. Arn, 474 U.S. at 154 (noting that, while
"[a]ny party that desires plenary consideration by the Article III judge of any issue need only
ask," a failure to object "does not preclude further review by the district judge, sua sponte or at
the request of a party, under a de novo or any other standard").  In One Parcel, the Tenth Circuit
noted that the district judge had decided sua sponte to conduct a de novo review despite the lack
of specificity in the objections, but the Tenth Circuit held that it would deem the issues waived
on appeal because it would advance the interests underlying the waiver rule.  See 73 F.3d at
1060-61 (citing cases from other circuits where district courts elected to address merits despite
potential application of waiver rule, but circuit courts opted to enforce waiver rule).

       Where a party files timely and specific objections to the magistrate judge's proposed
findings and recommendation, "on [] dispositive motions, the statute calls for a *de novo*
determination, not a *de novo* hearing."  United States v. Raddatz, 447 U.S. 667, 674 (1980).
"[I]n providing for a '*de novo* determination' rather than *de novo* hearing, Congress intended to
permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to
place on a magistrate's proposed findings and recommendations."  United States v. Raddatz, 447
U.S. at 676 (quoting 28 U.S.C. § 636(b) and citing Mathews v. Weber, 423 U.S. 261, 275
(1976)).  The Tenth Circuit requires a "district court to consider relevant evidence of record and
not merely review the magistrate judge's recommendation" when conducting a de novo review
of a party's timely, specific objections to the magistrate's report.  In re Griego, 64 F.3d 580, 583-
84 (10th Cir. 1995).   "When objections are made to the magistrate's factual findings based on
conflicting testimony or evidence . . . .  the district court must, at a minimum, listen to a tape
recording or read a transcript of the evidentiary hearing."  Gee v. Estes, 829 F.2d 1005, 1008-09
(10th Cir. 1987).

A district court must "clearly indicate that it is conducting a de novo determination" when a party objects to the magistrate's report "based upon conflicting evidence or testimony." Gee v. Estes, 829 F.2d at 1009.   On the other hand, a district court fails to meet the requirements of 28 U.S.C. § 636(b)(1) when it indicates that it gave "considerable deference to the magistrate's order." Ocelot Oil Corp. v. Sparro Indus., 847 F.2d 1458, 1464 (10th Cir. 1988). A district court need not, however, "make any specific findings; the district court must merely conduct a *de novo* review of the record." Garcia v. City of Albuquerque, 232 F.3d 760, 766 (10th Cir. 2000).   "[T]he district court is presumed to know that de novo review is required. . . . Consequently, a brief order expressly stating the court conducted de novo review is sufficient." Northington v. Marin, 102 F.3d 1564, 1570 (10th Cir. 1996)(citing In re Griego, 64 F.3d at 583-84).   "[E]xpress references to de novo review in its order must be taken to mean it properly considered the pertinent portions of the record, absent some clear indication otherwise." Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42, 8 F.3d 722, 724 (10th Cir. 1993).   The Tenth Circuit has previously held that a district court properly conducted a de novo review of a party's evidentiary objections when the district court's "terse" order contained one sentence for each of the party's "substantive claims" and did "not mention his procedural challenges to the jurisdiction of the magistrate to hear the motion." Garcia v. City of Albuquerque, 232 F.3d at 766.   The Tenth Circuit has explained that brief district court orders that "merely repeat the language of § 636(b)(1) to indicate its compliance" are sufficient to demonstrate that the district court conducted a de novo review:

> It is common practice among district judges in this circuit to make such a statement and adopt the magistrate judges' recommended dispositions when they find that magistrate judges have dealt with the issues fully and accurately and that they could add little of value to that analysis.   We cannot interpret the district court's statement as establishing that it failed to perform the required de novo review.

In re Griego, 64 F.3d at 584.

Notably, because "Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations," United States v. Raddatz, 447 U.S. at 676 (emphasis omitted), a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate," 28 U.S.C. § 636(b)(1). See Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42, 8 F.3d at 724-25 (holding that the district court's adoption of the magistrate judge's "particular reasonable-hour estimates" is consistent with the de novo determination that 28 U.S.C. § 636(b)(1) and United States v. Raddatz require).

Where no party objects to the magistrate judge's proposed findings and recommended disposition, the Court has, as a matter of course and in the interests of justice, reviewed the magistrate judge's recommendations. In Pablo v. Soc. Sec. Admin., No. CIV 11-0132 JB/ACT, 2013 WL 1010401 (D.N.M. Feb. 27, 2013)(Browning, J.), the Plaintiff failed to respond to the magistrate judge's proposed findings and recommended disposition, and thus waived his right to appeal the recommendations, but the Court nevertheless conducted a review. The Court generally does not, however, "review the PF&RD de novo, because the parties have not objected thereto, but rather review[s] the recommendations to determine whether they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion." Pablo v. Soc. Sec. Admin., 2013 WL 1010401, at *4. The Court, thus, does not determine independently what it would do if the issues had come before the Court first, when there is no objection, but rather adopts the proposed findings and recommended disposition where "[t]he Court cannot say that the Magistrate Judge's recommendation . . . is clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion." Pablo v. Soc. Sec. Admin., 2013 WL 1010401, at *4. See

Alexandre v. Astrue, No. CIV 11-0384 JB/SMV, 2013 WL 1010439, at *4 (D.N.M. Feb. 27, 2013)(Browning, J.)("The Court rather reviewed the findings and recommendations of the Honorable Stephan M. Vidmar, United States Magistrate Judge, to determine if they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.  The Court determines that they are not, and will therefore adopt the PFRD."); Trujillo v. Soc. Sec. Admin., No. CIV 12-1125 JB/KBM, 2013 WL 1009050, at *5 (D.N.M. Feb. 28, 2013)(Browning, J.)(adopting the proposed findings and conclusions, and noting that "[t]he Court did not review the ARD de novo, because Trujillo has not objected to it, but rather reviewed the . . . findings and recommendation to determine if they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion, which they are not.").  This review, which is deferential to the magistrate judge's work when there is no objection, nonetheless provides some review in the interest of justice, and seems more consistent with the waiver rule's intent than no review at all or a full-fledged review.  Accordingly, the Court considers this standard of review appropriate. See Thomas v. Arn, 474 U.S. at 151 ("There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate.").  The Court is reluctant to have no review at all if its name is going at the bottom of the order adopting the magistrate judge's proposed findings and recommendations.

## ANALYSIS

Judge Lynch filed the PFRD on July 2, 2013, and provided the parties notice that, if they did not file objections to the PFRD within fourteen days, they waived their right to appellate review: "A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the Proposed Findings and

Recommended Disposition. If no objections are filed, no appellate review will be allowed."
PFRD at 15.  Neither party filed objections to Judge Lynch's PFRD.  Although the Court did not
perform a de novo review, the Court nevertheless reviewed the PFRD.  With regard to the filing
instructions specifically, Judge Lynch noted in the PFRD that the Defendants' Motion and
Memorandum Brief to Dismiss and to Enjoin Plaintiff from Filing any Further Lawsuits Without
Leave of Court, filed April 26, 2013 (Doc. 7; Doc. 10), gave Plaintiff Offie L. Hobbs, Ph.D., the
notice that Tripati v. Beaman, 878 F.2d 351 (10th Cir. 1989)(per curiam), requires before a
district court imposes filing restrictions, and he additionally provided Hobbs notice of the filing
restrictions in the PFRD.  See 878 F.2d at 352 (holding that "Mr. Tripati is entitled to notice and
an opportunity to oppose the court's order [instituting filing restrictions] before it is instituted").
See also, Stewart v. Shannon, No. CIV 12-0560 JB/KBM, 2012 WL 4950865, at *3 (D.N.M.
Sept. 24, 2012)(Browning, J.)(directing the plaintiff that, "[w]ithin fourteen (14) days from entry
of this order, Stewart may file written objections to the[] proposed filing restrictions," and that
"the restrictions will take effect only upon further order of the Court," because the plaintiff was
not provided notice before the Court's decision proposing filing restrictions)(citing Tripati v.
Beaman, 878 F.2d at 353-54).

    After review, the Court does not find that Judge Lynch's findings and recommendations
are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.
Accordingly, the Court will adopt the PFRD.  The Court will also impose upon Hobbs the
proposed filing restrictions.

    **IT IS ORDERED** that: (i) the Proposed Findings and Recommended Disposition, filed
July 2, 2013 (Doc. 12), is adopted as an order of the Court; (ii) the Defendants' Motion and
Memorandum Brief to Dismiss and to Enjoin Plaintiff from Filing any Further Lawsuits Without

Leave of Court, filed April 26, 2013 (Doc. 7; Doc. 10), is granted; (iii) the Plaintiff's Amended Complaint, filed May 13, 2013 (Doc. 8), is dismissed without prejudice; (iv) the Defendants' Motion for Consolidation of Case into Case No. 2012-CV-00967 Assigned to U.S. District Judge Judith C. Herrera, filed April 26, 2013 (Doc. 6), is denied as moot; (v) the Defendants' Motion and Memorandum Brief for Imposition of Rule 11 Sanctions, filed June 13, 2013 (Doc. 11), is denied; and (vi) the following filing restrictions are to be imposed on Plaintiff Offie L. Hobbs. Hobbs may not pursue further litigation against any of these Defendants in the United States District Court for the District of New Mexico, or against any employee, agent, or attorney thereof, unless either (i) a licensed attorney admitted to practice before this Court signs the pleading and submits an affidavit stating that he or she has read the order imposing these restrictions, or (ii) Hobbs first obtains permission to proceed pro se. To obtain permission to proceed pro se in federal court, Hobbs must take the following steps:

1. File a petition with the Clerk of the Court requesting leave to file a complaint.

2. Include in the petition a list of all actions Hobbs has previously filed with this Court or any other Court and describing their status, along with a copy of the filing restrictions placed on him by this or any other Court.

3. File with the petition a notarized affidavit, in proper legal form, which recites the issues Hobbs seeks to present, including a short discussion of the legal basis asserted therefor. The affidavit must also certify, to the best of Hobbs's knowledge, that the legal arguments being raised are not frivolous or made in bad faith, that they are warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law, that the complaint is not filed for any improper purpose such

as delay or to needlessly increase the cost of litigation, and that he will comply with all federal and local rules of this Court.

4. Submit his petition and affidavit, and a copy of the filing restrictions, to the Clerk of the Court.

If Hobbs fails to submit the required documents or they are submitted in an improper form, the case will be dismissed. If such a matter is not dismissed for failure to prosecute, or if a qualifying action is removed to this Court, the Clerk shall forward the documents to the Chief Magistrate Judge for review to determine whether to permit Hobbs to file a complaint. Without the Chief Magistrate Judge's approval, and the concurrence of the assigned Article III judge, the Court will dismiss the action. If the Chief Magistrate Judge approves the filing, an order shall be entered indicating that Hobbs may file a complaint and that the matter shall proceed in accordance with the Federal Rules of Civil Procedure.

_____
UNITED STATES DISTRICT JUDGE

*Parties and counsel:*

Offie L. Hobbs, Ph.D.
Las Cruces, New Mexico

       *Plaintiff pro se*

Andrew M. Sanchez, Sr.
Cuddy & McCarthy, LLP
Albuquerque, New Mexico

--and--

John F. Kennedy
Cuddy, Kennedy, Alberta & Ives, LLP
Santa Fe, New Mexico

- 11 -

*Attorneys for the Defendants*