# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

OFFIE L. HOBBS, Ph.D.,

      Plaintiff,

v.                                                                    CV 13-0282 JB/WPL

LAS CRUCES PUBLIC SCHOOLS
BOARD OF EDUCATION, et al.,

      Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

On July 29, 2013, this Court adopted my earlier Proposed Findings and Recommended Disposition ("PFRD") (Doc. 12), dismissed this action, and imposed filing restrictions on Plaintiff Offie L. Hobbs. (Doc. 13.) The final judgment in this case was filed the following day. (Doc. 14.) Later that afternoon, however, the Clerk of the Court entered into the docket an amended complaint that was received on July 26, 2013. (Doc. 15.) This document, though featuring parenthetical asides referring to new attachments, is otherwise a word-for-word reproduction of Hobbs's first amended complaint. (Doc. 8.) This matter has been referred to me to make recommendations as to a final disposition (Doc. 9), and the Court has asked that I prepare a report and recommendation regarding the disposition of Hobbs's second amended complaint. Having considered the filings and the record, and being otherwise fully advised in the relevant law, I recommend that the Court deny Hobbs leave to amend his complaint and strike his second amended complaint (Doc. 15) from the record.

Federal Rule of Civil Procedure 15 allows a party to amend its pleading once as a matter of course, provided that it does so within twenty-one days after either service of the pleading or

service of a responsive pleading or Rule 12 motion. FED. R. CIV. P. 15(a)(1). If those circumstances do not apply, a party may only amend its pleading if the opposing party provides written consent or the Court provides leave to amend. *Id.* 15(a)(2). The Court should freely grant leave to amend "when justice so requires." *Id.* However, the decision to grant or deny leave to amend a pleading is within the Court's discretion, and the Court has not abused this discretion if it denies leave to amend on grounds such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, [or] futility of amendment." *First City Bank, N.A. v. Air Capitol Aircraft Sales, Inc.*, 820 F.2d 1127, 1132 (10th Cir. 1987) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Here, Hobbs has already filed one amended complaint (Doc. 8), and there is no indication that Defendants have provided written consent for Hobbs to file a second amended complaint. As such, Hobbs may only file his second amended complaint in this case if the Court grants him leave to do so. *See* FED. R. CIV. P. 15(a)(2). However, I have already cataloged in my previous PFRD Hobbs's repeated failures to cure the deficiencies in his many previous pleadings (*see* Doc. 12 at 3-6, 8-9; *see also id.* at 11 (concluding that "each of Hobbs's six pleadings against some combination of Defendants has been, at the very least, procedurally improper")), and the Court has adopted that PFRD as its own order (Doc. 14 at 9). Moreover, because the newly proposed amended complaint is virtually identical to the first amended complaint that the Court found to be deficient, Hobbs's attempted amendment would be futile. Therefore, I recommend that the Court deny Hobbs leave to amend his pleading on grounds of repeated failure to cure deficiencies and futility of amendment. *See First City Bank,* 820 F.2d at 1132 (citing *Foman,* 371 U.S. at 182).

In light of Hobbs's pro se status, the Court could choose in the alternative to construe Hobbs's second amended complaint as objections to the previous PFRD. *Cf. Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992) (requiring liberal construction of pleadings filed by pro se parties (citation omitted)). When a magistrate judge has filed his proposed findings and recommendations on a matter pursuant to 28 U.S.C. § 636(b)(1)(B), a party may file written objections to the PFRD within fourteen days after being served with that document. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). The Court may make a de novo determination of any portion of the PFRD to which objection is made, and it may accept, reject, or modify the magistrate judge's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). In the Tenth Circuit, the failure to timely file objections to a magistrate judge's PFRD constitutes a waiver of appellate review of factual and legal determinations. *See Vega v. Suthers*, 195 F.3d 573, 579 (10th Cir. 1999) (citation omitted).

In this case, even if the Court were to liberally construe the second amended complaint as containing objections to the PFRD, that document was filed outside of the fourteen-day window provided by statute, 28 U.S.C. § 636(b)(1), and specified in the PFRD itself (*see* Doc. 12 at 15). Accordingly, any objections would be considered untimely. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). However, Hobbs's second amended complaint does not appear to object to any portion of my previous PFRD; it simply attaches new documents that do not address the deficiencies in Hobbs's earlier pleadings and adds some parenthetical references to those documents. (*See* Doc. 15.) The Court has already reviewed my previous PFRD and did not determine that my findings and recommendations in that document were clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion (*see* Doc. 13 at 9), and Hobbs's second amended complaint adds nothing that alters my earlier analysis. Therefore, Hobbs's

second amended complaint should not be construed as objections to the PFRD filed on July 2, 2013.

Hobbs has sought to file a second amended complaint without leave of the Court, and his repeated failure to cure deficiencies and the futility of allowing such amendment counsel against a grant of leave to amend. Additionally, this document should not be construed as objections to the previous PFRD in this case, and any such objections would be untimely in any event. For these reasons, I recommend that the Court deny Hobbs leave to amend his complaint and strike Hobbs's second amended complaint (Doc. 15) from the record.

---

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

---

William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.