## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

OFFIE L. HOBBS, Ph.D.,

   Plaintiff,

vs.             No. CIV 13-0282 JB/WPL

LAS CRUCES PUBLIC SCHOOLS
BOARD OF EDUCATION, RALPH
STANLEY ROUNDS, JAMES NESBITT,
and TOM PHELPS,

   Defendants.

## MEMORANDUM OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition, filed September 3, 2013 (Doc. 16)("PFRD"). The PFRD recommends disposition as to Plaintiff Offie L. Hobbs, Ph.D.'s attempt to file a Second Amended Complaint, filed July 26, 2013 (Doc. 15), without the Court's leave. Any objections to the PFRD were due on September 17, 2013. See PFRD at 4. Hobbs filed objections to the PFRD on September 18, 2013. See Objections to Ruling, filed September 18, 2013 (Doc. 18)("Objections"). The Court will overrule Hobbs' Objections. The Court notes that, because Hobbs untimely filed his Objections and because they are not specific, the Court is not required to review his Objections de novo. The Court has nonetheless reviewed the PFRD and determined that it is not clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion. The Court has, in this case, gone further. The Court has, in its discretion, reviewed the record, the PFRD, and Hobbs' Objections de novo, and determined that the Objections lack a

sound basis in the law or in the facts.   Accordingly, the Court will overrule the Objections and adopt the PFRD.

**LAW REGARDING PROPOSED FINDINGS AND RECOMMENDATIONS**

District courts may refer dispositive motions to a magistrate judge for a recommended disposition.   See Fed. R. Civ. P. 72(b)(1) ("A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense . . . ."). Rule 72(b)(2) governs objections: "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."   Finally, when resolving objections to a magistrate judge's proposal, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3).  Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1).

"'The filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute.'" United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, 73 F.3d 1057, 1059 (10th Cir. 1996)("One Parcel")(quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)).  As the United States Court of Appeals for the Tenth Circuit has noted, "the

filing of objections advances the interests that underlie the Magistrate's Act, including judicial efficiency." One Parcel, 73 F.3d at 1059.

The Tenth Circuit held "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." One Parcel, 73 F.3d at 1060. "To further advance the policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, have adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.'" One Parcel, 73 F.3d at 1059 (citations omitted). In addition to requiring specificity in objections, the Tenth Circuit has stated that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996). See United States v. Garfinkle, 261 F.3d 1030, 1031 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."). In an unpublished opinion, the Tenth Circuit stated that "the district court correctly held that [a petitioner] had waived [an] argument by failing to raise it before the magistrate." Pevehouse v. Scibana, 229 F. App'x 795, 796 (10th Cir. 2007)(unpublished).[1]

---

[1]Pevehouse v. Scibana is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A) ("Unpublished opinions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005)(citations omitted). The Court finds that Pevehouse v. Scibana has persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

In <u>One Parcel</u>, the Tenth Circuit, in accord with other courts of appeals, expanded the waiver rule to cover objections that are timely but too general.  See One Parcel, 73 F.3d at 1060. The Supreme Court of the United States -- in the course of approving the United States Court of Appeals for the Sixth Circuit's use of the waiver rule -- noted:

> It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.  The House and Senate Reports accompanying the 1976 amendments do not expressly consider what sort of review the district court should perform when no party objects to the magistrate's report.  See S. Rep. No. 94-625, pp. 9-10 (1976)(hereafter Senate Report); H. R. Rep. No. 94-1609, p. 11 (1976), U.S. Code Cong. & Admin. News 1976, p. 6162 (hereafter House Report).  There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate.  Moreover, the Subcommittee that drafted and held hearings on the 1976 amendments had before it the guidelines of the Administrative Office of the United States Courts concerning the efficient use of magistrates.  Those guidelines recommended to the district courts that "[w]here a magistrate makes a finding or ruling on a motion or an issue, his determination should become that of the district court, unless specific objection is filed within a reasonable time."  See Jurisdiction of United States Magistrates, Hearings on S. 1283 before the Subcommittee on Improvements in Judicial Machinery of the Senate Committee on the Judiciary, 94th Cong., 1st Sess., 24 (1975)(emphasis added)(hereafter Senate Hearings).  The Committee also heard Judge Metzner of the Southern District of New York, the chairman of a Judicial Conference Committee on the administration of the magistrate system, testify that he personally followed that practice.  See id., at 11 ("If any objections come in, . . . I review [the record] and decide it.  If no objections come in, I merely sign the magistrate's order.").  The Judicial Conference of the United States, which supported the *de novo* standard of review eventually incorporated in § 636(b)(1)(C), opined that in most instances no party would object to the magistrate's recommendation, and the litigation would terminate with the judge's adoption of the magistrate's report.  See Senate Hearings, at 35, 37.  Congress apparently assumed, therefore, that any party who was dissatisfied for any reason with the magistrate's report would file objections, and those objections would trigger district court review.  There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed.  It did not preclude treating the failure to object as a procedural default, waiving the right to further consideration of any sort.  We thus find nothing in the statute or the legislative history that convinces us that Congress intended to forbid a rule such as the one adopted by the Sixth Circuit.

Thomas v. Arn, 474 U.S. at 150-52 (emphasis in original)(footnotes omitted).

- 4 -

The Tenth Circuit also noted, "however, that '[t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate.'" One Parcel, 73 F.3d at 1060 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)("We join those circuits that have declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate's order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations." (citations omitted)). Cf. Thomas v. Arn, 474 U.S. at 154 (noting that, while "[a]ny party that desires plenary consideration by the Article III judge of any issue need only ask," a failure to object "does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard"). In One Parcel, the Tenth Circuit noted that the district judge had decided sua sponte to conduct a de novo review despite the lack of specificity in the objections, but the Tenth Circuit held that it would deem the issues waived on appeal because it would advance the interests underlying the waiver rule. See 73 F.3d at 1060-61 (citing cases from other circuits where district courts elected to address merits despite potential application of waiver rule, but circuit courts opted to enforce waiver rule).

Where a party files timely and specific objections to the magistrate judge's proposed findings and recommendation, on "dispositive motions, the statute calls for a *de novo* determination, not a *de novo* hearing." United States v. Raddatz, 447 U.S. 667, 674 (1980). "[I]n providing for a '*de novo* determination' rather than *de novo* hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." United States v. Raddatz, 447 U.S. at 676 (quoting 28 U.S.C. § 636(b) and citing Mathews v. Weber, 423 U.S. 261, 275 (1976)). The Tenth Circuit requires a "district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation" when conducting a de novo review

of a party's timely, specific objections to the magistrate's report.  In re Griego, 64 F.3d 580, 583-84 (10th Cir. 1995).  "When objections are made to the magistrate's factual findings based on conflicting testimony or evidence . . . the district court must, at a minimum, listen to a tape recording or read a transcript of the evidentiary hearing."  Gee v. Estes, 829 F.2d 1005, 1008-09 (10th Cir. 1987).

A district court must "clearly indicate that it is conducting a de novo determination" when a party objects to the magistrate's report "based upon conflicting evidence or testimony." Gee v. Estes, 829 F.2d at 1009.  On the other hand, a district court fails to meet the requirements of 28 U.S.C. § 636(b)(1) when it indicates that it gave "considerable deference to the magistrate's order."  Ocelot Oil Corp. v. Sparro Indus., 847 F.2d 1458, 1464 (10th Cir. 1988).  A district court need not, however, "make any specific findings; the district court must merely conduct a *de novo* review of the record."  Garcia v. City of Albuquerque, 232 F.3d 760, 766 (10th Cir. 2000).  "[T]he district court is presumed to know that de novo review is required. Consequently, a brief order expressly stating the court conducted de novo review is sufficient." Northington v. Marin, 102 F.3d 1564, 1570 (10th Cir. 1996)(citing In re Griego, 64 F.3d at 583-84).  "[E]xpress references to de novo review in its order must be taken to mean it properly considered the pertinent portions of the record, absent some clear indication otherwise." Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42, 8 F.3d 722, 724 (10th Cir. 1993).  The Tenth Circuit has held that a district court properly conducted a de novo review of a party's evidentiary objections when the district court's "terse" order contained one sentence for each of the party's "substantive claims" and did "not mention his procedural challenges to the jurisdiction of the magistrate to hear the motion."  Garcia v. City of Albuquerque, 232 F.3d at 766.  The Tenth Circuit has explained that brief district court orders that "merely repeat[] the language of

- 6 -

§ 636(b)(1) to indicate its compliance" are sufficient to demonstrate that the district court conducted a de novo review:

> It is common practice among district judges in this circuit to make such a statement and adopt the magistrate judges' recommended dispositions when they find that magistrate judges have dealt with the issues fully and accurately and that they could add little of value to that analysis. We cannot interpret the district court's statement as establishing that it failed to perform the required de novo review.

In re Griego, 64 F.3d at 584.

Notably, because "Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations," United States v. Raddatz, 447 U.S. at 676 (emphasis omitted), a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate," 28 U.S.C. § 636(b)(1). See Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42, 8 F.3d at 724-25 (holding that the district court's adoption of the magistrate judge's "particular reasonable-hour estimates" is consistent with the de novo determination that 28 U.S.C. § 636(b)(1) and United States v. Raddatz require).

Where no party objects to the magistrate judge's proposed findings and recommended disposition, the Court has, as a matter of course and in the interests of justice, reviewed the magistrate judge's recommendations. In Pablo v. Soc. Sec. Admin., No. CIV 11-0132 JB/ACT, 2013 WL 1010401 (D.N.M. February 27, 2013)(Browning, J.), the Plaintiff failed to respond to the magistrate judge's proposed findings and recommended disposition, and thus waived his right to appeal the recommendations, but the Court nevertheless conducted a review. 2013 WL 1010401, at *1, *4. The Court generally does not, however, "review the PF&RD de novo, because the parties have not objected thereto, but rather review[s] the recommendations to determine whether they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of

discretion." Pablo v. Soc. Sec. Admin., 2013 WL 1010401, at *4.  The Court, thus, does not

determine independently what it would do if the issues had come before the Court first, when

there is no objection, but rather adopts the proposed findings and recommended disposition

where "'the Court cannot say that the Magistrate Judge's recommendation . . . is clearly

erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.'" Pablo v. Soc. Sec.

Admin., 2013 WL 1010401, at *3 (footnote and internal brackets omitted)(quoting Workheiser v.

City of Clovis, No. CIV 12-0485 JB/GBW, 2012 WL 6846401, at *3 (D.N.M. December 28,

2012)(Browning, J.).  See Alexandre v. Astrue, No. CIV 11-0384 JB/SMV, 2013 WL 1010439,

at *4 (D.N.M. February 27, 2013)(Browning, J.)("The Court rather reviewed the findings and

recommendations . . . to determine if they are clearly erroneous, arbitrary, obviously contrary to

law, or an abuse of discretion.  The Court determines that they are not, and will therefore adopt

the PFRD."); Trujillo v. Soc. Sec. Admin., No. CIV 12-1125 JB/KBM, 2013 WL 1009050, at *5

(D.N.M. February 28, 2013)(Browning, J.)(adopting the proposed findings and conclusions, and

noting: "The Court did not review the ARD de novo, because Trujillo has not objected to it, but

rather reviewed the . . . findings and recommendation to determine if they are clearly erroneous,

arbitrary, obviously contrary to law, or an abuse of discretion, which they are not.").  This

review, which is deferential to the magistrate judge's work when there is no objection,

nonetheless provides some review in the interest of justice, and seems more consistent with the

waiver rule's intent than no review at all or a full-fledged review.  Accordingly, the Court

considers this standard of review appropriate.  See Thomas v. Arn, 474 U.S. at 151 ("There is

nothing in those Reports, however, that demonstrates an intent to require the district court to give

any more consideration to the magistrate's report than the court considers appropriate.").  The

Court is reluctant to have no review at all if its name is going at the bottom of the order and opinion adopting the magistrate judge's proposed findings and recommendations.

**ANALYSIS**

The Court will adopt the PFRD.  Hobbs' Objections are untimely and non-specific, and the interests of justice do not require review.  The Court has nonetheless, in its discretion, reviewed the Objections de novo and determined that they lack a sound basis in the law or in the facts.  The Court will therefore adopt the PFRD.

Hobbs' Objections are neither timely nor specific, as the Tenth Circuit requires.  See One Parcel, 73 F.3d at 1060 ("[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review.").   Any objections to the PFRD were due September 17, 2013 -- fourteen days after the PFRD was filed -- but Hobbs filed his Objections on September 18, 2013.  See PFRD at 4.  The Objections were, therefore, untimely.

As the Tenth Circuit has explained:

> This court has adopted a firm waiver rule under which a party who fails to make a timely objection to the magistrate judge's findings and recommendations waives appellate review of both factual and legal questions.  See Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991). This rule does not apply, however, when (1) a *pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the "interests of justice" require review.  Id.; Wirsching v. Colorado, 360 F.3d 1191, 1197 (10th Cir. 2004); Talley v. Hesse, 91 F.3d 1411, 1413 (10th Cir. 1996); see also Thomas v. Arn, 474 U.S. [at 155] ("because the rule is a nonjurisdictional waiver provision, the Court of Appeals may excuse the default in the interests of justice").

Morales-Fernandez v. I.N.S., 418 F.3d 1116, 1119 (10th Cir. 2005).  The Tenth Circuit has identified factors to consider in evaluating the "rather elusive concept" of the "interests of justice," including "a *pro se* litigant's effort to comply, the force and plausibility of the

explanation for his failure to comply, and the importance of the issues." Morales-Fernandez v. I.N.S., 418 F.3d at 1120.

Neither of the two exceptions to the firm waiver rule that the Tenth Circuit has identified applies. Because the PFRD states the consequences of failing to timely object, the first exception does not apply. See PFRD at 4. Because there is neither evidence that Hobbs attempted to comply with the deadline nor any explanation of his failure to comply, the second exception also does not apply. The Court, therefore, concludes that Hobbs' Objections are untimely and that the interests of justice do not require the Court to review Hobbs' untimely Objections de novo.

Moreover, Hobbs' Objections are not specific. In his Objections, Hobbs states as follows:

> COMES NOW the plaintiff, Offie L. Hobbs, Ph.D., to show the courts that upon making a formal written request for an accommodation for a second review of all documents for the denial of my request for an[] accommodation under the American[s] with [D]isabilities Act[.]
>
> The denial will set a national [precedent] for a request for an[] accommodation when all conditions were met by the submission of the required documentation from two physicians that are licensed by the State of New Mexico an[d] submitted to the Las Cruces Public Schools, Human Resources Department.

Objections at 2. He also reiterates that he is seeking seven million dollars for the "short circuiting" of his career and for damage to his health. See Objections at 2. Hobbs does not, however, challenge the Magistrate Judge's proposed findings or legal reasoning. Such general statements are not sufficiently specific to require any review. Accordingly, applying the Court's usual standard of review when there has been, effectively, as here, no objection, the Court finds that the PFRD is not clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.

The Court has, in this case, gone further.  In its discretion, the Court also reviewed the Objections de novo and determined that they lack a sound basis in the law or in the facts.[2]  The PFRD accurately relates that Hobbs has not corrected deficiencies in previous pleadings and that Hobbs' proposed Second Amended Complaint suffers from the same problems that have plagued his prior pleadings.  See PFRD at 2-3.   The Court will, therefore, overrule the Objections and adopt the PFRD.

**IT IS ORDERED** that: (i) Plaintiff Offie L. Hobbs, Ph.D.'s Objections to Ruling, filed September 18, 2013 (Doc. 18), are overruled; (ii) the Proposed Findings and Recommended Disposition, filed September 3, 2013 (Doc. 16), are adopted as an order of the Court; (iii) Hobbs is denied leave to file his Second Amended Complaint, filed July 26, 2013 (Doc. 15); and (iv) Hobbs' Second Amended Complaint is stricken from the record.

_____
UNITED STATES DISTRICT JUDGE

---

[2]The Court has previously gone beyond its usual review of portions of a Magistrate Judge's recommendations to which a party did not timely object.  In Martinez v. Martinez, No. CIV 09-0281 JB/LFG, 2013 WL 3270448, at *1 n.1 (D.N.M. June 3, 2013)(Browning, J.), the Court exercised its discretion in a similar fashion and explained:

> The Court has chosen, in its discretion, to review all of the documents which may contain objections to the R & R de novo, regardless whether the objections are untimely or are not titled as objections. Moreover, even though Chief Judge Molzen warned P. Martinez of the consequences of failing to timely object to the R & R, the Court has reviewed de novo the portions of the R & R to which P. Martinez has not objected. The Court has thus gone beyond its normal review of the portions of the R & R to which P. Martinez has not objected, which usually would determine only whether any of Chief Judge Molzen's recommendations are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.

2013 WL 3270448, at *1 n.1 (internal quotation marks omitted).

- 11 -

*Parties and counsel:*

Offie L. Hobbs, Ph.D.
Las Cruces, New Mexico

      *Plaintiff pro se*

Andrew M. Sanchez, Sr.
Cuddy & McCarthy, LLP
Albuquerque, New Mexico

--and--

John F. Kennedy
Cuddy, Kennedy, Alberta & Ives, LLP
Santa Fe, New Mexico

      *Attorneys for the Defendants*